UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - ORDER

Case No.:   EDCV 06-01002 SGL (AN)                              Dated: March 23, 2009

Title:   *Michael J. Rodriguez v. Anthony Kane, warden*

================================================================

Present:  **Hon. Arthur Nakazato,  United States Magistrate Judge**
(In Chambers - No Appearances)

Melissa Cash                                                                None
Deputy Clerk                                                                Court Reporter

**Proceedings:**   Respondent's motion to dismiss (dkt. # 26)

**Rulings:**   Respondent and his counsel of record shall have until noontime, March 27, 2009, to e-file a Supplemental Answer and notice of withdrawal of the motion to dismiss.  If a Supplemental Answer and notice of withdrawal of the motion to dismiss are not filed by the foregoing deadline, Deputy Attorney General Elizabeth S. Voorhies is ordered to personally appear before the Court at 7:30 a.m., March 31, 2009, in Courtroom 6B of the Court's Southern Division Courthouse, and show cause why sanctions should not be imposed against her. Meanwhile, Petitioner's time to file and serve a response to the motion to dismiss is stayed.  (Details discussed below).

**Discussion:**

On January 29, 2009, the Court issued an order (dkt. #25) ("1/29/09 Order") that directed Respondent and his counsel of record to e-file a Supplemental Answer addressing the merits of two claims that Petitioner raised in his original petition and were deemed to be added to his pending First Amended Petition ("FAP") pursuant to an order dated December 5, 2006 (dkt. #14) ("12/5/06 Order") that was issued by one of the two previously assigned magistrate judges. The 1/29/09 Order directed Respondent to e-file the Supplemental Answer with respect to the two added claims no later than February 20, 2009.

Respondent failed to file the Supplemental Answer by the February 20th deadline. Instead, on March 9, 2009 -- and only after the Court's deputy clerk inquired about Respondent's failure to e-file the Supplemental Answer -- Respondent, by his counsel of record, Deputy Attorney General Elizabeth Shabatay Voorhies of the California Attorney General's San Diego Office, e-filed an unauthorized and otherwise tardy motion to dismiss

Michael J. Rodriguez v. Anthony Kane, warden
EDCV 06-01002 SGL (AN)
March 23, 2009
Page 2
================================================================================

the FAP on the ground that it is a mixed petition because the two added claims are unexhausted.

Respondent's failure to file the Supplemental Answer in the time and manner required by the Court's 1/29/09 Order is the second time Ms. Voohies has failed to comply with a Court order to file a timely response to the pending FAP. Specifically, in addition to granting Petitioner's motion to consolidate, the 12/5/06 Order directed Respondent "to answer or otherwise plead" to the FAP on or before January 5, 2007. However, Respondent failed to file his Answer by this deadline. Accordingly, on March 14, 2007, the previously assigned magistrate judge was forced to issue another order (dkt. # 18) that directed Respondent to file his Answer no later than March 29, 2007. On March 28, 2007, Respondent filed his Answer but failed to address the two added claims, thereby prompting this Court to issue the 1/29/09 Order. Moreover, although the 12/5/06 Order is somewhat confusing to the extent it directed Respondent to file an "answer or otherwise plead" to the FAP, Respondent's counsel clearly knew or should have known the FAP was deemed to raise six claims because the 12/5/06 Order clearly granted the motion to consolidate. Consequently, the 12/5/06 Order gave Respondent two options: (1) file an Answer addressing all six claims on the merits or, alternatively, (2) file and serve a motion to dismiss. Respondent elected to file the Answer.

If Respondent found the 12/5/06 Order to be confusing, the proper course of action would have been to seek clarification. Respondent did not do so. Instead, Respondent elected to e-file an Answer that only addressed the merits of four of six claims. By doing so, Respondent waived his right to bring a motion to dismiss. Further, unlike the 12/5/06 Order, this Court's 1/29/09 Order only authorized Respondent to file a Supplemental Answer, not a motion to dismiss.

A respondent's answer is required to address procedural defects and the merits of any claims. Habeas Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Further, a respondent does not have a right to file a motion to dismiss a § 2254 habeas petition unless authorized by the Court. *See* Habeas Rule 4, Advisory Committee Notes 1976 Adoption. This is particularly true where, as here, Respondent has already been given an opportunity to do so and waived it by e-filing a

Michael J. Rodriguez v. Anthony Kane, warden
EDCV 06-01002 SGL (AN)
March 23, 2009
Page 3
================================================================================

defective Answer after failing to e-file a proper answer in the time and manner directed by the 12/5/06 Order.  Further, by filing the unauthorized, tardy motion to dismiss, Respondent and his counsel have not only disobeyed this Court's 1/29/09 Order, but they have unnecessarily forced the Court to deal with the FAP in a piecemeal fashion and issue what will inevitably be not just one, but two, Report and Recommendations.

      Based upon the foregoing, Respondent and Ms. Voorhies shall have until noontime, March 27, 2009, to e-file a Supplemental Answer and a notice of withdrawal of the motion to dismiss.  If a Supplemental Answer and notice of withdrawal of the motion to dismiss are not e-filed by the deadline, Ms. Voorhies is ordered to personally appear before the Court at 7:30 a.m., March 31, 2009, in Courtroom 6B of the Court's Southern Division Courthouse located at 411 W. 4th St., Santa Ana, California, and show cause why the motion to dismiss should not be stricken because it is an unauthorized, tardy motion to dismiss, and monetary sanctions of $100 a day should not be imposed against her until Respondent files a Supplemental Answer in accordance with Habeas Rule 5.  Meanwhile, Petitioner's time to file and serve a response to the motion to dismiss is stayed.

cc:    JUDGE LARSON
       All Parties                                             Initials of Deputy Clerk mc